FILED
U.S. DIST. COURT
BRUNSWICK DIV.
2005 SEP 22 A 11: 19
CLERK

In the United States District Court
for the Southern District of Georgia
Brunswick Division

| | | |
|---|---|---|
| OZZIE L. DRAKE, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| JEFFREY ALLEN LONG, in Personam, GREGORY ALLEN LONG, AND F/V "LADY JILL", Official No. 582344, in rem, | : | |
| Defendants. | : | NO. CV204-002 |

## O R D E R

Plaintiff, Ozzie L. Drake, filed this action against Defendants, Jeffrey Allen Long, Gregory Allen Long, and the "Lady Jill," under the Jones Act, 46 U.S.C. § 688 et seq., and general maritime law, seeking maintenance and cure. Presently before the Court is Plaintiff's motion seeking entry of judgment on the issue of liability against Defendant, Gregory Allen Long. For the following reasons, Plaintiff's motion will be **DENIED**.

## FACTS

Plaintiff filed this action on January 9, 2004, naming as defendants, Jeffrey Allen Long and F/V "Lady Jill." On January 17, 2004, Jeffrey Long's father, Gregory Long, sank the in rem defendant, Lady Jill. Five months later, the Court granted Plaintiff, Jeffrey Long's, and the prospective defendant, Gregory Long's, consent motion for joinder of Gregory Long as an additional defendant in this action, as well as granting the Plaintiff's request to amend his complaint.

In the amended complaint, Plaintiff seeks, in addition to maintenance and cure during the period of his disability, an award of punitive damages and attorneys' fees against Defendant, Gregory Long. Plaintiff bases his entitlement to relief on these claims on Gregory Long's alleged "intentional, callous, purposeful and unjustified behavior" in sinking the Lady Jill. Plaintiff has now filed the instant motion seeking entry of judgment against Gregory Long as sanction for sinking the vessel.

## DISCUSSION

In Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L.Ed.2d 27 (1991), the U. S. Supreme Court addressed the

AO 72A
(Rev. 8/82)

nature and scope of a federal court's inherent power to control the proceedings and the conduct of the parties involved. Incident to the court's inherent power to police its docket, a judge may impose formal sanctions upon dilatory litigants, ranging from simple reprimand to an order dismissing action with or without prejudice. Mingo v. Sugar Cane Growers Co-op of Fla., 864 F.2d 101, 102 (11th Cir. 1989). However, because of their potent nature, inherent powers must be exercised with restraint and discretion. Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1546 (11th Cir. 1993); In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995); see also Railway Express, Inc. v. Piper, 447 U.S. 752 (1980); In re Novak, 932 F.2d 1397, 1406 (11th Cir. 1991). Dismissal is warranted only on a clear record of delay or willful contempt. See Mingo, 864 F.2d at 102; see also Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).

The Court concludes that the facts of the instant case do not warrant dismissal. Plaintiff has offered no evidence demonstrating that Gregory Long sank the Lady Jill as a delay tactic or in willful contempt of the Court. At the time that he sank the vessel, Gregory Long was not a party to this action. While not condoning the sinking of the Lady Jill, the Court notes that Defendants consented to adding Gregory Long

3

as a party to the action and amending the complaint in order to address the issue of the sinking of the Lady Jill. This is not the actions of individuals attempting to delay the action. Additionally, in the amended complaint, Plaintiff seeks punitive damages and attorneys' fees against Gregory Long for allegedly sinking the vessel. Thus, Plaintiff has an avenue to recover for any alleged injury resulting from the sinking of the Lady Jill.

## CONCLUSION

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Plaintiff's motion (Doc. No. 30) is **DENIED**.

**SO ORDERED**, this 23rd day of September, 2005.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4